**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BRYAN A. MEDINA,**

                                            **Plaintiff,**

                    **v.**                                    **9:06-CV-1387**
                                                              **(FJS/DRH)**

**EKPE D. EKPE, Superintendent of Riverview Corr.**
**Fac.; T. HUNTER, Nurse Administrator of**
**Riverview Corr. Fac.; MS. PENN, Nurse of**
**Riverview Corr. Fac; and MR. MONTPELIT,**
**Nurse of Riverview Correctional Facility,**

                                            **Defendants.**
_____

**APPEARANCES**

**BRYAN A. MEDINA**
**06-R-2321**
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, New York 13669
Plaintiff _pro se_

**SCULLIN, Senior Judge**

                              **ORDER**

          Currently before the Court is Plaintiff Bryan A. Medina's amended complaint, _see_ Dkt.

No. 5, which he submitted in compliance with this Court's November 30, 2006 Memorandum-

Decision and Order, _see_ Dkt. No. 4.

          In its previous Memorandum-Decision and Order, the Court advised Plaintiff that his

original complaint did not allege "any set of facts which would support a claim of deliberate

indifference to his serious medical needs." _See id._ at 9.

          In his amended complaint, Plaintiff continues to allege that Defendants misdiagnosed his

condition and delayed proper medical care for his broken ankle.  Specifically, Plaintiff claims

that Defendant Ms. Penn misdiagnosed his injury as a sprain, that Defendant Mr. Motpelit forced

him to walk, and that the remaining Defendants, as supervisors, did nothing to remedy the error.

*See* Dkt. No. 5 at 6-7, 10.

After reviewing Plaintiff's amended complaint in its entirety, the Court concludes that

nowhere in that pleading are there any allegations that would support a finding that Defendant

Ms. Penn was deliberately indifferent to Plaintiff's serious medical needs.  At best, Plaintiff's

claim is that Defendant Ms. Penn was negligent in misdiagnosing his ankle injury.  Accordingly,

the Court dismisses the claims against Defendant Ms. Penn.

The only claim that Plaintiff asserts against Defendant Mr. Montpelit is that he showed a

"lack of concern" for Plaintiff's "medical condition" by requesting that he walk to the infirmary

for the insulin run.  *See id.* at 7.  However, after Plaintiff was unable to walk to the infirmary,

Plaintiff was taken there by wheelchair and given crutches.  *See id.* at 8.  This set of facts does

not support a claim that Defendant Mr. Montpelit was deliberately indifferent to Plaintiff's

serious medical needs.  Therefore, the Court dismisses the claims against Defendant Mr.

Montpelit.

Plaintiff's claims against the remaining Defendants all concern their liability as

supervisors.  *See id.* at 10.  Plaintiff claims that the doctrine of "respondent [sic] superior" applies

to this lawsuit.  *See id.*  Plaintiff merely lists Defendants' positions at the facility and alleges that

they are charged with the duty to oversee subordinates and, therefore, should have been informed

of his situation and should have taken steps to rectify it.  *See id.*

"It is well settled in this Circuit that 'personal involvement of defendants in alleged

constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)) (other citations omitted). "'[S]upervisory liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior.'" *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (per curiam) (quotation omitted). "To establish the liability of a supervisory official under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional violations. . . . By the same token, however, mere 'linkage in the prison chain of command' is insufficient to implicate a . . . [supervisor] in a § 1983 claim. . . ." *Id.* (internal citations omitted). Even construing Plaintiff's amended complaint liberally, there is no basis to infer that Plaintiff intends to allege that Defendants were personally involved based upon any of the theories that would establish supervisor liability.[1] Accordingly, due to the absence of any allegations of personal involvement on the part of Defendants Ekpe, T. Hunter, and Ms. Fiacco, the Court dismisses the claims against these Defendants.

For the above-stated reasons as well as the reasons set forth in the Court's previous Memorandum-Decision and Order, the Court finds that Plaintiff's amended complaint fails to

---

[1] A plaintiff can demonstrate "[t]he liability of a supervisor under § 1983 . . . in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003) (citations omitted).

Based upon the allegations in his amended complaint, the only possible theory of supervisor liability upon which Plaintiff could be relying is that the supervisory Defendants failed "to remedy a wrong after being informed through a report or appeal." *Id.* However, Plaintiff does not claim that he filed grievances with any of these Defendants until **well after** his injury was properly diagnosed and addressed. *See* Dkt. No. 5 at 13.

state a claim upon which the Court can grant relief.  Accordingly, the Court hereby

     **ORDERS** that this action is **DISMISSED**; and the Court further

     **ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by

regular mail.

**IT IS SO ORDERED.**

Dated: January 4, 2007
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge